|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §   CASE NO. 4:09-CR-39(1) |
| | § |
| WILLIAM ARRON HAMES | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant William Arron Hames's ("Hames") Motion for Reduction in Sentence or Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#255), wherein Hames, now represented by counsel, requests the court to reconsider its prior order (#246) denying his previous *pro se* motion for compassionate release (#242). The Government filed a response in opposition (#258). Hames filed a reply to the Government's response (#260). United States Pretrial and Probation Services ("Probation") submitted an updated report, which recommends the denial of Hames's motion. Having considered the pending motion, the Government's response, the recommendation of Probation, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

In its June 19, 2020, Memorandum and Order, the court considered Hames's *pro se* request for compassionate release on the merits and determined that although Hames, age 71, has a history of hypertension and hyperlipidemia, these conditions were controlled with medication and Hames was medically stable. The court concluded that Hames's medical conditions were not terminal and did not substantially diminish his ability to provide self-care. The court also held that Hames's concerns regarding COVID-19 did not constitute an extraordinary and compelling reason justifying a reduction in his term of imprisonment. Finally, the court held that after considering the factors

set forth in 18 U.S.C. § 3553(a), a reduction was not warranted and that it could not conclude that Hames would not pose a danger to any other person or to the community, if released from prison.

II.  Analysis

In the instant motion, Hames states that he has tested positive for COVID-19, and asserts that although he has hypertension and hyperlipidemia, his blood pressure is not being monitored by BOP staff. Hames avers that he has limited ability to provide self-care within FCI Seagoville due to the impossibility of social distancing. In his current motion, Hames does not assert any novel legal arguments, present any new bases for relief, or demonstrate that he would not pose a risk to society, if released. Hames contends, however, that he should be released from confinement because he contracted COVID-19 while incarcerated.

Hames's medical records confirm that Hames tested positive for COVID-19 on July 16, 2020, and was placed in isolation. His medical records further reveal that on July 30, 2020, his COVID-19 diagnosis was considered "resolved" and he was released from isolation. His medical records state: "The patient is not severely immunocompromised and did not have a severe illness requiring hospitalization." Courts have repeatedly denied COVID-19-based motions for compassionate release filed by inmates who have already contracted and recovered from the virus. *See*, *e.g.*, *United States v. Stockman*, No. H-17-116-2, 2020 WL 5269756, at *3 (S.D. Tex. Aug. 26, 2020) (noting that when an inmate is infected and recovers from COVID-19, the courts have found the risks of infection or severe symptoms or effects because of underlying conditions change and diminish); *United States v. Baker*, No. CR 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020) ("Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus."); *United States v. Neal*, No. CR 11-28, 2020 WL

2

4334792, at *1 (E.D. La. July 28, 2020) ("Courts have repeatedly found that defendants who contract COVID-19 and recover are not among those who fall within the guidelines or demonstrate 'extraordinary and compelling reasons,' meriting a reduction in their sentence."); *United States v. Gallegos*, No. 4:17-CR-568, 2020 WL 3403032, at *3 (S.D. Tex. June 19, 2020) ("Having already contracted and fully recovered from COVID-19, the Court cannot say that Defendant's asthma 'substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility.'" (quoting U.S.S.G. § 1B1.13)).

      Moreover, Probation notes that the BOP has determined that Hames is medically stable and ambulatory.  Probation further states that Hames is housed in general population and that he has full access to medical services.  Thus, it appears that the facility where Hames is housed is handling the outbreak appropriately and providing adequate medical care.  Indeed, as of November 9, 2020, BOP statistics reveal that there are currently 1 inmate and 1 staff member who have tested positive for the virus at FCI Seagoville, 1,284 inmates and 30 staff members who have recovered, and 9 inmates who have succumbed to the disease.

      To the extent that Hames requests the court to place him on home confinement, the BOP has the exclusive authority to determine where a prisoner is housed; thus, the court is without authority to order home confinement.  18 U.S.C. § 3621(b); *Ambriz v. United States*, No. 4:20-CV-568-P, 2020 WL 3066861, at *2 (N.D. Tex. June 5, 2020); *United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement.").

III.     Conclusion

In accordance with the foregoing, Hames's Motion for Reduction in Sentence of Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#255) is DENIED.

SIGNED at Beaumont, Texas, this 10th day of November, 2020.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE